PHH Mortgage Corporation,
Plaintiff-Respondent,

The Daily Reporter Publishing Company,
Respondent,

v.

Scott P. Mattfeld and Shelley P. Mattfeld,
Defendants-Appellants.

Court of Appeals

*No. 2010AP612. Submitted on briefs January 20, 2011.
—Decided March 16, 2011.*

2011 WI App 62

(Also reported in 799 N.W.2d 455.)

On behalf of the defendants-appellants, *Scott P. Mattfeld* and *Shelley P. Mattfeld*, the cause was submitted on the briefs of *Gary W. Thompson* of *Thompson Law Offices, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, PHH Mortgage Corporation, the cause was submitted on the brief of *Brent D. Nistler* and *Michael F. Tuchalski* of *Nistler Law Office, S.C.*, Brookfield.

On behalf of the respondent, The Daily Reporter Publishing Company, the cause was submitted on the brief of *William T. Stuart* and *Jennifer A.B. Kreil* of *Meissner Tierney Fisher & Nichols S.C.*, Milwaukee.

Before Neubauer, P.J., Anderson and Reilly, JJ.

¶ 1. NEUBAUER, P.J.   Scott P. Mattfeld and Shelley P. Mattfeld appeal from an order denying their motion for relief from a default judgment of foreclosure entered in favor of PHH Mortgage Corporation.[1] They also appeal the circuit court's order granting The Daily Reporter Publishing Company's motion to quash a subpoena to testify. The Mattfelds contend that because of defects in the service of the summons and complaint the circuit court lacked the personal jurisdiction necessary to enter a default judgment. We agree. The record supports the Mattfelds' contention that they are entitled to relief from judgment under WIS. STAT. § 806.07 (2009–10)[2] because PHH Mortgage failed to publish the summons in a newspaper likely to give notice in the area where Scott or Shelley resided, as required by WIS.

---

[1] The record reflects that Scott and Shelley Mattfeld were in the process of divorcing while this foreclosure action was proceeding. It was unclear during the circuit court proceedings whether Scott's counsel was representing both Scott and Shelley; however, the appeal was filed naming both Scott Mattfeld and Shelley Mattfeld as appellants and no issue has been raised regarding the application of this appeal to Shelley. We therefore refer to the appellants as the Mattfelds.

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

S<span>tat</span>. § 801.11(1)(c). We reverse the circuit court's order denying the Mattfelds' motion for relief and remand with direction to vacate the default judgment.

## BACKGROUND

¶ 2.  PHH Mortgage filed a summons and complaint for foreclosure of mortgage on August 6, 2008, naming Scott P. and Shelley P. Mattfield. Attached to the complaint is a copy of the mortgage indicating the correct spelling of the Mattfelds' surname. The record also includes an invoice from The Daily Reporter for the publication of a real estate notice ("PHH Mtge vs. Scott P. Mattfield") on October 7, 14 and 21 of 2008, and proof of publication. The proof of publication contains a notarized statement by the publisher that The Daily Reporter "is a public newspaper of general circulation, printed and published daily . . . in the City of Milwaukee, in said county."

¶ 3.  PHH Mortgage filed a motion for default judgment on December 1, 2008. In support of its motion, PHH Mortgage submitted the proof of publication and two affidavits of nonservice completed by process server Dwayne Turner. The proof of publication and affidavits of nonservice reflect that throughout the period of attempted service, the Mattfelds were incorrectly identified as the Mattfields. At the court's request, PHH Mortgage's attorney explained in correspondence dated January 2, 2009, that "[c]opies of the summons and complaint were never sent to the Mattfields at the Lannon Road address in Menomonee Falls on the date of publication . . . because our process server had been unable to find either Scott or Shelley Mattfield during several visits to that address in August of 2008." The letter listed PHH Mortgage's attempt to locate the "Mattfields" which included Internet searches, directory as-

sistance, divorce records and voting records. PHH Mortgage's attorney also stated: "CCAP posted new address information for both Shelley and Scott Mattfield on 11/26/08; we will mail a copy of this letter to each address today." On January 6, 2009, the circuit court, Judge Kathryn Foster presiding, entered an order for judgment and judgment of foreclosure and sale in the amount of $373,068.12.[3]

¶ 4. On July 29, 2009, Scott Mattfeld's attorney wrote to Judge Foster to advise that "Scott P. Mattfeld (mistakenly named in the pleadings as Mattfield)" had not been aware of the foreclosure proceedings. He contended that there had been various serious jurisdictional defects in service, "(in addition to the misspelling of the defendants' surnames)," namely: (1) PHH Mortgage had used The Daily Reporter, a Milwaukee county publisher of legal notices and not a publication of general circulation in Waukesha county and (2) PHH Mortgage had notice that the property was vacant and as early as November 12, 2008, had notice of the address changes from the post office, but never sent a copy of the summons and complaint to either new address. Scott maintained that the court "in all probability lacked jurisdiction to enter the various judgments, orders and rulings" and enclosed a proposed temporary injunction for the court's consideration pending the filing of a Wis. Stat. § 806.07 motion for relief from judgment. Judge Foster entered the temporary injunction on July 31, 2009.

¶ 5. On September 9, 2009, the Mattfelds filed a Wis. Stat. § 806.07 motion to vacate the judgment of foreclosure. The Mattfelds argued under § 806.07(1) that

---

[3] The property was subsequently sold to PHH Mortgage at a sheriff's sale.

the judgment was void due to the court's lack of jurisdiction resulting from the failure of service of process. The circuit court, Judge Donald J. Hassin now presiding, denied the Mattfelds' motion to vacate and dismiss the complaint. The Mattfelds moved for reconsideration. The Mattfelds argued that PHH Mortgage had failed to exercise due diligence in service of process and that the publication and mail service attempt was insufficient. With respect to publication, the Mattfelds maintained that PHH Mortgage's attempt to obtain substitute service via publication under WIS. STAT. § 801.11(1)(c) had failed because The Daily Reporter is a publication limited to Milwaukee and does not meet the standard for legal publication in Menomonee Falls under WIS. STAT. § 985.02(1), which requires that publication be made in "a newspaper likely to give notice in the area or to the person affected." The Mattfelds anticipated presenting further evidence as to the October 2008 circulation numbers in Menomonee Falls for The Daily Reporter, Waukesha Freeman and Milwaukee Journal Sentinel. The Mattfelds also cited PHH Mortgage's failure to mail either of them a copy of the summons and complaint as a further shortcoming under § 801.11(1)(c).

¶ 6.  The Mattfelds attempted to subpoena the publisher of the The Daily Reporter in order to obtain circulation information. The Daily Reporter sought, and was granted by the circuit court, an order to quash the subpoena. Following an evidentiary hearing on January 22, 2010, the circuit court denied the Mattfelds' motion for relief from judgment. The Mattfelds appeal.

## DISCUSSION

■

¶ 7.  WISCONSIN STAT. § 806.07(1)(d) allows relief from a judgment or order if a "judgment is void." A

judgment is void for purposes of § 806.07 when the court rendering it lacked subject matter or personal jurisdiction. *Richards v. First Union Secs.*, 2006 WI 55, ¶ 15, 290 Wis. 2d 620, 714 N.W.2d 913. A court gains jurisdiction over the parties only by valid personal and substituted service. *See* Wis. Stat. § 801.04; *see also Span v. Span*, 52 Wis. 2d 786, 789, 191 N.W.2d 209 (1971). Wisconsin compels strict compliance with the rules of statutory service, even though the consequences may appear to be harsh. *Useni v. Boudron*, 2003 WI App 98, ¶ 13, 264 Wis. 2d 783, 662 N.W.2d 672.

██

¶ 8.   When a motion to reopen involves a question of proper service, the burden of proof is on the party seeking, pursuant to Wis. Stat. § 806.07, to set aside or vacate a default judgment. *See Richards*, 290 Wis. 2d 620, ¶ 27. The evidence necessary to set aside a default judgment is evidence sufficient to allow a court to determine that the circuit court's findings of fact were contrary to the great weight and clear preponderance of the credible evidence. *Id.*

¶ 9.   In their motion for postjudgment relief and on appeal, the Mattfelds challenge the sufficiency of service under Wis. Stat. § 801.11(1)(c) which governs personal jurisdiction. It provides that if "with reasonable diligence" a person cannot be served in person or by leaving a copy of the summons and complaint with a family member or competent adult at his or her usual place of abode, service may be made by publication. Sec. 801.11(1). Specifically,

> (c) If with reasonable diligence the defendant cannot be served [in person or by leaving a copy of the summons and complaint with a family member or competent adult at his or her usual place of abode] service may be made by publication of the summons as a class 3 notice,

> under [Wis. Stat.] ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

The Mattfelds contend both that PHH Mortgage did not exercise reasonable diligence in serving them personally and that PHH Mortgage failed to comply with Wis. Stat. ch. 985 when it published the summons. Based on our review of the record, we conclude that the Mattfelds have demonstrated that the circuit court's finding as to compliance with ch. 985 is contrary to the great weight of the evidence.

¶ 10. Wisconsin Stat. § 985.02 governs "[m]ethod of notification." It provides in relevant part that "[e]xcept as otherwise provided by law, a legal notice shall be published *in a newspaper likely to give notice in the area or to the person affected.*" Sec. 985.02(1) (emphasis added). Proof of publication is required by Wis. Stat. § 985.12 in the form of an affidavit of printing "annexed to a copy of the notice clipped from the newspaper, and specifying the date of each insertion." *See* § 985.12(1). Here, the affidavit of printing indicates that The Daily Reporter "is a public newspaper of general circulation, printed and published daily . . . in the City of Milwaukee, in said county." While PHH Mortgage asserted that "The Daily Reporter is the predominant newspaper to publish legal notices in the Milwaukee Metropolitan area," it failed to provide any evidence to that effect. Indeed, a later affidavit submitted by the publisher notes that "The Daily Reporter is a newspaper that is distributed throughout the State of Wisconsin," but also

136

states that it is "a qualified legal newspaper in Milwaukee County, but it is not a qualified legal newspaper in Waukesha County, where the property that is a subject of the action is located."[4] In contrast, PHH Mortgage's proof of publication for notice of the sheriff's foreclosure sale published in the Waukesha Freeman newspaper contains a statement from the billing coordinator for the Waukesha Freeman, "a public newspaper of general circulation, printed and published ... in the

---

[4] A qualified newspaper is defined under WIS. STAT. § 985.03. It sets forth the following "[q]ualifications of newspapers" for purposes of publication of legal notices:

> (1)(a) No publisher of any newspaper in this state shall be awarded or be entitled to any compensation or fee for the publishing of any legal notice unless, for at least 2 of the 5 years immediately before the date of the notice publication, the newspaper has been published regularly and continuously in the city, village or town where published, and has had a bona fide paid circulation:
>
> 1. That has constituted 50% or more of its circulation; and,
>
> 2. That has had actual subscribers at each publication of not less than 1,000 copies in 1st and 2nd class cities, or 300 copies if in 3rd and 4th class cities, villages or towns.
>
> . . . .
>
> (c) A newspaper, under this chapter, is a publication appearing at regular intervals and at least once a week, containing reports of happenings of recent occurrence of a varied character, such as political, social, moral and religious subjects, designed to inform the general reader. The definition includes a daily newspaper published in a county having a population of 500,000 or more, devoted principally to business news and publishing of records, which has been designated by the courts of record of the county for publication of legal notices for a period of 6 months or more.

Sec. 985.03(1). We recognize that there is no requirement that a newspaper be the official newspaper of a municipality under WIS. STAT. § 985.06 to meet the requirements of WIS. STAT. § 985.02.

City of Waukesha, in Waukesha County, Wisconsin." It is undisputed that at that time of publication the Mattfelds' last known residence was in Menomonee Falls in Waukesha county, and that Scott Mattfeld still resided in Menomonee Falls in October 2008.

■

¶ 11.  While PHH Mortgage asserts that the Mattfelds failed to provide argument or authority as to why The Daily Reporter would not have given notice to the Mattfelds, the undisputed record as it stood at the time of the default judgment failed to establish that publication in a newspaper "printed and published daily . . . in the City of Milwaukee, in said county" would have been likely to provide notice to a resident of Menomonee Falls in Waukesha county.[5] Although The Daily Reporter publisher later averred that the newspaper is distributed throughout Wisconsin, the only mention of Waukesha county was that The Daily Reporter was not qualified in that county. This again failed to establish that publication in The Daily Reporter would have been likely to provide notice to a resident of Waukesha county. The circuit court's finding to the contrary was against the great weight of the evidence of record at the time of the Mattfelds' Wis. Stat. § 806.07 motion to reopen.[6]

---

[5] We take judicial notice of the fact that a current "all county" search of the foreclosure notices listed on The Daily Reporter Web site returns 200 notices, all of which are for foreclosures in Milwaukee county. See http://foreclosures.dailyreporter.com/index.cfm?action=fc.list, (visited Jan. 30, 2011).

[6] While the Mattfelds contend that service was defective in other respects, we need not reach these issues. PHH Mortgage's failure to effect service by publication disposes of all issues on appeal. See Sweet v. Berge, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (if resolution of one issue disposes of the appeal, we need not address the other arguments raised).

## CONCLUSION

¶ 12.   We conclude that the Mattfelds carried their burden of proving that PHH Mortgage's notice by publication failed to effect service on them and thus, the court did not have jurisdiction when it entered the default judgment against them. We reverse the circuit court's order denying the Mattfelds' motion to reopen and we remand with direction to vacate the default judgment.

*By the Court.*—Orders reversed and cause remanded with direction.