

FILED
Sep 17 2018, 9:02 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin E. Steele
Burke Costanza & Carberry LLP
Valparaiso, Indiana

ATTORNEY FOR APPELLEE

James R. Schrier
Reiling Teder & Schrier, LLC
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy C. Troxel, *Appellant-Defendant,* v. Dale Ward, successor in interest to original Plaintiff, Plan Administrators, Inc., *Appellee-Plaintiff* | September 17, 2018 Court of Appeals Case No. 18A-PL-597 Appeal from the LaPorte Circuit Court The Honorable Thomas J. Alevizos, Judge Trial Court Cause No. 46C01-1605-PL-796 |

**Vaidik, Chief Judge.**

# Case Summary

[1]     A Wisconsin corporation obtained a default judgment against Timothy C. Troxel in Wisconsin state court and later sought to enforce that judgment in Indiana. The LaPorte Circuit Court ultimately ordered the sale of Troxel's stock in an Indiana corporation to satisfy the Wisconsin judgment. Upon

learning of the sale of his stock, Troxel filed a motion to set aside the sale pursuant to Indiana Trial Rule 60(B). Because Troxel was not properly served with notice of the Wisconsin lawsuit, the Wisconsin court did not have personal jurisdiction over him. Accordingly, the Wisconsin judgment and any Indiana orders based upon it are void. We therefore reverse the trial court's denial of Troxel's Trial Rule 60(B) motion.

# Facts and Procedural History

In late 2013 or early 2014, Troxel moved from Indiana to Florida. *See* Appellant's App. Vol. II pp. 77 (Troxel's affidavit stating that he has been a Florida resident since December 2013), 11 (trial court's order stating that Troxel became a Florida resident in 2014); Tr. p. 19 (Troxel testifying that in late 2013, he bought a condo in Florida and "intended to stay there"). In November 2014, Plan Administrators, Inc., a Wisconsin corporation with its principal place of business in Wisconsin, filed a lawsuit against Troxel and WK Payroll, Inc. (Troxel's company) in Wisconsin state court. The complaint alleged that in 2013 WK Payroll executed a promissory note agreeing to pay Plan Administrators $653,000, Troxel executed a guaranty for the $653,000 promissory note, WK Payroll breached the promissory note by failing to make payments, and Plan Administrators was accelerating the amount due. The complaint also alleged:

> Timothy Troxel is an adult resident of the state of Indiana. His address is unknown but he utilizes P.O. Box 637, Franc[e]sville,

Indiana 47946 as his mail box for delivery of mail, notices and the like.

Appellant's App. Vol. II p. 83.[1]  On December 29, 2014, Plan Administrators left a copy of the summons and complaint for Troxel and WK Payroll at 106 E. Montgomery Street in Francesville, Indiana.  According to Troxel, he owned a company called ASI Property Management and that company owned the brick building at 106 E. Montgomery Street from "2003 until roughly 2015," when it was foreclosed.  Tr. p. 14.

[3]     When neither WK Payroll nor Troxel responded to the Wisconsin lawsuit, Plan Administrators filed a motion for default judgment in April 2015 alleging that the complaint and summons "were properly served on [WK Payroll and Troxel] on December 29, 2014" and they have "failed to answer or otherwise respond."  Appellant's App. Vol. II p. 153.[2]  In support, Plan Administrators filed, among other things, an Affidavit of Service explaining how service was attempted on Troxel in Indiana.  The Affidavit of Service, executed by the

---

[1] Notably, the guaranty that Plan Administrators attached to the complaint states that Troxel is a Florida resident.  *See* Appellant's App. Vol. II p. 90.

[2] Plan Administrators' attorney submitted an Affidavit of Default along with the motion for default judgment.  The Affidavit of Default erroneously provides that the summons and complaint were "personally served" on WK Payroll and Troxel on December 29, 2014.  Appellant's App. Vol. II p. 160.

process server, provides:

I, Don Grott, being duly sworn, depose and say that on the 29th day of December, 2014 at 9:05 am, I:

POSTED by attaching a true copy of the Amended Summons and Amended Complaint with Exhibits A, B, C with the date and hour of service endorsed thereon by me, to a conspicuous place on the property of the within named person's RESIDENCE at the address of: 106 E. Montgomery Street, Francesville, IN 47946.

Additional Information pertaining to this Service:
106 E. Montgomery St., Francesville, IN - Attempts: 12/22/14 @ 4:13 pm - no response, office vacant; 12/28/14 @ 11:59 am - no response; 12/28/14 @ 6:22 pm - no response; 12/29/14 @ 9:05 am - no response. Process server canvased city offices, bank, insurance agency, 3 neighbor, Tim Troxel was last seen over 2 weeks ago, belief is that he has moved. The address is a residence and no one is living there now. The neighbors say that apparently Timothy was living there, staying there, he doesn't own the house, a friend does, and the neighbors haven't seen him for 2-3 weeks. The server also went to what was last known as the business address for Mr. Troxel and that is a vacant address. A copy of the Amended Summons was mailed on 12/29/14 to Timothy Troxel at 106 E. Montgomery St., Francesville, IN by 1st Class Mail.

*Id.* at 159.[3]  A second affidavit from the process server similarly provides:

> 4 attempts made [at 106 E. Montgomery Street] with no evidence of occupancy—neighbors, businesses & city offices were canvassed and opinion of those persons is that defendant moved when his business closed.  Business is now vacant.

*Id.* at 161.

[4] Before the Wisconsin court entered default judgment, the clerk asked Plan Administrators' attorney for the "citation for the Indiana Stat. that permits posting a summons & Complaint as a substitute for personal service." *Id.* at 143.  This is because the Wisconsin service rules provide that if a defendant is not personally served "within or without" Wisconsin, the defendant may be served in another state according to that state's service rules.  *See* Wis. Stat. § 801.11(1)(b)(2); Judicial Council Notes, 1986, Wis. Stat. § 801.11.  Plan

---

[3] The Affidavit of Service for WK Payroll is identically worded.  *See* Appellant's App. Vol. II p. 158.

Administrators gave the Wisconsin court a copy of Indiana Trial Rule 4.1, which provides that service may be made on an individual by "leaving a copy of the summons and complaint at his dwelling house or usual place of abode." Ind. Trial Rule 4.1(A)(3). Plan Administrators argued that it satisfied Indiana Trial Rule 4.1(A)(3) because its process server "left a copy of the Summons and Complaint at the dwelling." Appellant's App. Vol. II p. 150.

[5] On April 16, 2015, the Wisconsin court entered default judgment in favor of Plan Administrators and against WK Payroll and Troxel in the amount of $490,010.13 plus costs. *Id.* at 16.

[6] Over a year later, in May 2016, Plan Administrators filed in LaPorte Circuit Court a Notice of Filing of Foreign Judgment and a Complaint to Enforce Foreign Judgment against Troxel pursuant to Indiana Code chapter 34-54-11, Indiana's Uniform Enforcement of Foreign Judgments Act (UEFJA). Pursuant to the UEFJA, Plan Administrators also filed an affidavit setting forth that Troxel was an Indiana resident "living in LaPorte County, with a last-known address of 412 South Washington Street, La Crosse, Indiana 46348." *Id.* at 21; *see also* Ind. Code § 34-54-11-2(a). A summons and complaint were sent via certified mail to Troxel at the La Crosse, Indiana address; however, they were marked "return[ed] to sender" and "unable to forward." Appellant's App. Vol. II p. 24; *see also* I.C. § 34-54-11-2(d) (providing that the judgment creditor shall "(1) mail a notice of the filing of the [foreign] judgment to the judgment debtor; and (2) file proof of mailing with the clerk.").

[7] Nevertheless, Plan Administrators moved forward. The next month, June 2016, Plan Administrators filed a motion for proceedings supplemental against Troxel and Adaptasoft, Inc., as garnishee defendant (based on Troxel's ownership of stock in Adaptasoft). A hearing was scheduled for July 18. Notice of the hearing was published in the Herald Argus, a daily newspaper in LaPorte, on June 22, June 29, and July 6. Appellant's App. Vol. II pp. 29-32. Troxel did not appear at the hearing.

[8] In February 2017, Plan Administrators filed a notice that it had assigned its right, title, and interest in the Wisconsin judgment to Dale Ward, and Ward was substituted as a party in this case. *Id.* at 34. Ward then asked the LaPorte Circuit Court for an order authorizing the sale of 8578 shares of Adaptasoft stock (which was valued at approximately $300,000) owned by Troxel. *Id.* at 36, 42. In May, the LaPorte Circuit Court entered an order authorizing the sale of Troxel's stock, which was to take place on June 29 at the courthouse in LaPorte. *Id.* at 44, 48. Notice of the sale was published in The News Dispatch, a daily newspaper in Michigan City, on June 1 and 8. *Id.* at 54. Ward purchased Troxel's stock at the sale. *Id.* at 50.

[9] After learning of the sale of his Adaptasoft stock, Troxel filed a motion to set aside the sale pursuant to Indiana Trial Rule 60(B) in August 2017. *Id.* at 55. Following a hearing, the LaPorte Circuit Court issued an order denying the motion to set aside. *Id.* at 11.

[10] Troxel now appeals.

# Discussion and Decision

[11] Troxel contends, among other things, that the LaPorte Circuit Court's order authorizing the sale of his Adaptasoft stock is void pursuant to Trial Rule 60(B)(6) because he "was not properly served with either the institution of the underlying [Indiana] action or the attempt to sell his Adaptasoft stock." Appellant's Reply Br. p. 8. Indiana Trial Rule 60(B)(6) provides that a court may relieve a party from a judgment, including a default judgment, because the judgment is void. Rather than addressing whether Troxel was properly notified of the Indiana proceedings, we find that the LaPorte Circuit Court's order authorizing the sale of Troxel's stock is void for purposes of Trial Rule 60(B)(6) for a more fundamental reason. That is, "[a] judgment which is void in the state where it is entered is also void in Indiana" and cannot be the basis for a subsequent judgment in Indiana. *Jenkins v. Futch*, 640 N.E.2d 379, 381 (Ind. Ct. App. 1994) (concluding that because a Texas order was void for lack of personal jurisdiction, the Indiana trial court "erred in enforcing this void order"); *P.M.S., Inc. v. Jakubowski*, 585 N.E.2d 1380, 1382-83 (Ind. Ct. App. 1992) (concluding that because a New York default judgment was void for lack of personal jurisdiction, the Indiana trial court's order enforcing it was also void); *see also GIW Indus., Inc., v. Patriot Materials, Inc.*, 926 N.E.2d 491, 495 (Ind. Ct. App. 2010); *Commercial Coin Laundry Sys. v. Enneking*, 766 N.E.2d 433, 439 (Ind. Ct. App. 2002).

[12] The United States Constitution requires state courts to give full faith and credit to the judgments of the courts of all states. U.S. Const. art. IV, § 1. However,

an out-of-state judgment is always open to collateral attack for lack of personal or subject-matter jurisdiction. *GIW Indus.*, 926 N.E.2d at 494. Thus, before an Indiana court is bound by a foreign judgment, it may inquire into the jurisdictional basis for that judgment; if the first court did not have jurisdiction over the parties or the subject matter, then full faith and credit need not be given. *Id.* The party attacking the judgment of a sister state bears the burden of rebutting the presumption that a foreign judgment, which is regular and complete on its face, is valid. *Id.* In assessing a collateral attack on a foreign judgment, we apply the law of the state where the judgment was rendered. *Id.*

[13] We recognize that Troxel does not argue that the Wisconsin judgment is void for lack of personal jurisdiction in the context of Trial Rule 60(B)(6); however, he does challenge the Wisconsin judgment in his brief. *See* Appellant's Br. pp. 21-22. And on appeal, Ward recognizes that Troxel has challenged the Wisconsin judgment. *See* Appellee's Br. p. 23 ("Troxel appears to suggest that the Wisconsin judgment is void because that court lacked personal jurisdiction . . . ."); *see also* Tr. p. 23 (trial court acknowledging at the hearing that Troxel had attacked the validity of the Wisconsin judgment "back handedly"). Ward argues, however, that the scope of jurisdictional review is limited. *See V.L. v. E.L.*, 136 S. Ct. 1017, 1020 (2016) (explaining that jurisdictional inquiry into a foreign court's judgment is limited: "[I]f the judgment on its face appears to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself." (quotations omitted)).

Ward claims that personal jurisdiction should be presumed in this case because "[t]here is nothing in the record itself or in the evidence submitted to suggest that jurisdiction was not proper in the Wisconsin lawsuit." Appellee's Br. p. 23.

[14] But there is such evidence. In accordance with the Wisconsin service rules, Plan Administrators attempted to serve Troxel pursuant to Indiana Trial Rule 4.1(A)(3), which provides that service may be made on an individual by "leaving a copy of the summons and complaint **at his dwelling house or usual place of abode**." (Emphasis added). Plan Administrators argued that leaving a copy of the summons and complaint at 106 E. Montgomery Street in Francesville, Indiana, satisfied Indiana Trial Rule 4.1(A)(3) because the documents were left "at the dwelling." Appellant's App. Vol. II p. 150.

[15] However, service upon a defendant's former residence is not sufficient to confer personal jurisdiction. *Mills v. Coil*, 647 N.E.2d 679, 681 (Ind. Ct. App. 1995), *reh'g denied*, *trans. denied*; *see also Poteet v. Bethke*, 507 N.E.2d 652, 654 (Ind. Ct. App. 1987) (concluding that service was defective because the complaint and summons were left at an address that the defendant had permanently moved from ten months earlier). Here, the Affidavit of Service, submitted by Plan Administrators, establishes that 106 E. Montgomery Street was not Troxel's dwelling house or usual place of abode when the process server left the summons and complaint there on December 29, 2014. The Affidavit of Service provides that on four separate occasions the process server went to the property but there was "no response." Appellant's App. Vol. II p. 159. Moreover, the process server stated that the property was "vacant" with "no one . . . living

there now." *Id.*; *see also id.* at 161 ("4 attempts made with no evidence of occupancy . . . ."). The process server also spoke with several people in the area, and it was believed that Troxel had moved from the vacant address two to three weeks earlier. Even if we assume that Troxel had previously lived at 106 E. Montgomery Street, it was not his dwelling house or usual place of abode when service was attempted there on December 29, 2014. Accordingly, Troxel was not properly served with notice of the Wisconsin lawsuit pursuant to Indiana Trial Rule 4.1(A)(3).

[16] According to Wisconsin law, a court gains personal jurisdiction over a party only by valid personal or substituted service. *PHH Mortg. Corp. v. Mattfeld*, 799 N.W.2d 455, 458 (Wis. Ct. App. 2011); *see also* Wis. Stat. § 801.04 (providing that a court who has subject-matter jurisdiction may render a judgment against a party personally only if a summons is served upon the person pursuant to Section 801.11 or the person appears and waives the defense of lack of personal jurisdiction). Wisconsin compels strict compliance with its service rules even though the consequences may appear to be harsh. *PHH Mortg.*, 799 N.W.2d at 458. Because Troxel was not properly served with notice of the Wisconsin lawsuit, the Wisconsin court did not have personal jurisdiction over Troxel when it entered default judgment against him and therefore that judgment is void.[4] Accordingly, any Indiana orders based on the void Wisconsin judgment

_____

[4] Ward nevertheless argues that the Wisconsin court had personal jurisdiction over Troxel because Plan Administrators' attorney informed Troxel's attorney about the Wisconsin lawsuit in a telephone call. *See* Appellee's App. Vol. II p. 2. Even if Troxel knew about the Wisconsin lawsuit from his attorney, which he

are also void. *See, e.g.*, *Jenkins*, 640 N.E.2d at 381. We therefore reverse the LaPorte Circuit Court's denial of Troxel's Trial Rule 60(B) motion and remand with instructions for the court to vacate its order authorizing the sale of Troxel's stock.

[17] Reversed and remanded.

Riley, J., and Kirsch, J., concur.

---

denied at the hearing, *see* Tr. p. 18, it is the law in both Wisconsin and Indiana that the mere fact that a defendant has knowledge of the action does not grant a court personal jurisdiction, *Goodson v. Carlson*, 888 N.E.2d 217, 220 (Ind. Ct. App. 2008); *Hill v. Ramey*, 744 N.E.2d 509, 512 (Ind. Ct. App. 2001); *Span v. Span*, 191 N.W.2d 209, 211 (Wis. 1971).