**FILED**

Jul 20 2020, 9:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Dennis F. Dykhuizen
Ashley M. Gilbert-Johnson
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Christopher D. Cody
Laureen R. White
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Parkview Hospital Inc.,<br>*Appellant-Cross-Appellee,*<br><br>v.<br><br>American Family Insurance Company,<br>*Appellee-Cross-Appellant.* | July 20, 2020<br><br>Court of Appeals Case No.<br>19A-PL-2201<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Jennifer L. DeGroote, Judge<br><br>Trial Court Cause No.<br>02D03-1807-PL-254 |

**Tavitas, Judge.**

## Case Summary

[1] In this consolidated interlocutory appeal, Parkview Hospital, Inc. ("Parkview") appeals the trial court's denial of its motion for summary judgment in its action against American Family Insurance Company ("American Family") and Carl

Willis, and American Family appeals the trial court's denial of its motion for summary judgment. We affirm in part, reverse in part, and remand.

## Issues

Parkview raises four issues, which we consolidate and restate as whether the trial court properly denied Parkview's motion for summary judgment. On cross-appeal, American Family argues that the trial court erred by denying American Family's motion for summary judgment.

## Facts

On November 29, 2015, Willis suffered injuries in an automobile accident, and American Family insured the parties responsible for the accident. The accident occurred in Ohio, and Willis was transferred to Parkview for treatment. Parkview agreed to the transfer, and Willis incurred medical bills at Parkview in the amount of $98,040.88. With credits and adjustments, the remaining balance due on Willis' account is $95,541.88.

On January 13, 2016, Parkview filed and recorded a hospital lien ("Hospital Lien") with the Allen County Recorder pursuant to Indiana Code Section 32-33-4-4. Parkview served a copy of the Hospital Lien on the relevant parties, including Willis and American Family. When Parkview became aware that Attorney Samuel Bolotin was representing Willis, Parkview provided a copy of the Hospital Lien to Bolotin by certified mail.

In June 2017, Willis filed a personal injury action in Ohio against the parties responsible for the accident, American Family, and several John Doe defendants. A motion was filed to join Parkview as a party plaintiff in the Ohio action, which the Ohio court granted. The Ohio court ordered Parkview to enter an appearance in Willis' Ohio action within twenty-eight days. The Ohio court's order provided: "[I]f Parkview Hospital, Inc. fails to do so, any and all of the rights of Parkview Hospital, Inc. that could have arisen from this cause of action being brought by Plaintiffs are hereby waived and forever barred." Appellant's App. Vol. II pp. 72-73. Parkview did not enter an appearance in the Ohio action. Parkview's local counsel and Bolotin's associate, however, were in contact regarding the claim. Parkview's counsel informed Bolotin's associate that the Ohio court did not have subject matter jurisdiction, and they discussed settlement of the claim.

Willis ultimately settled his claim without informing Parkview, and Parkview's lien was not satisfied from the settlement. American Family expressed concern to Bolotin that the Ohio court did not have jurisdiction to extinguish the Hospital Lien. American Family suggested that "the only way to deal with this is to file what amounts to in the [Indiana] equivalent of a dec [sic] action, where Parkview has to participate in the litigation." *Id.* at 86.

In January 2018, Willis filed a motion to enforce the settlement agreement with the Ohio court. In April 2018, the Ohio court ordered American Family to "issue the settlement draft in the amount of $50,000.00 made payable to Plaintiffs Carl and Rhonda Willis and the Bolotin Law Offices, only." *Id.* at

193. The Ohio court ordered Willis to "execute a hold harmless agreement with respect to any remaining valid liens . . . ." *Id.* The motion and order were not served on Parkview. The Ohio action was then dismissed with prejudice.[1]

[8] On July 16, 2018, Parkview filed a complaint in Allen County against American Family and Willis. On May 28, 2019, Parkview obtained a default judgment against Willis. In November 2018, American Family filed a motion for summary judgment, and Parkview filed a response. American Family argued that Parkview was attempting to "circumvent an order" from the Ohio court and that Parkview's Hospital Lien claim was barred by res judicata. *Id.* at 48. The trial court denied American Family's motion for summary judgment. Specifically, the trial court found that, because the Ohio court "lacked the subject matter jurisdiction to address the issue regarding Parkview's perfected [H]ospital [L]ien, the order from that court regarding the lien is void [and] will not be given full faith and credit in this Court." *Id.* at 22.

[9] In April 2019, Parkview filed a motion for summary judgment, and American Family filed a response. Parkview argued that it had satisfied the requirements of the Hospital Lien Act and that American Family had violated the Act. The trial court also denied Parkview's motion for summary judgment. The trial court found:

---

[1] In the order, the Ohio court "retain[ed] jurisdiction to enforce the settlement agreement reached between the parties, including the resolution of any liens." Appellant's App. Vol. II p. 194.

This Court has previously ruled the Defiance County Court lacked subject matter jurisdiction over Parkview's lien under the Hospital Lien Act. Ind. Code § 32-33-4-1, et seq. However, it is not disputed that the Defiance County Court had subject matter jurisdiction over Willis's claim for personal injury, to which American Family was a defendant. Therefore, the Defiance County Court had jurisdiction over American Family for purposes of the litigation.

The designated evidence clearly shows American Family was ordered by the Defiance County Court to "issue the settlement draft in the amount of $50,000.00 made payable to Plaintiffs Carl and Rhonda Willis and the Bolotin Law Offices, only." This was ordered after Bolotin Law Offices filed, on behalf of Willis, a Motion to Enforce Settlement Agreement. American Family, at that time, was arguably under an obligation to tender payment as ordered by the court, or risk potential sanctions.

Parkview was on notice of the proceedings in Defiance County but did not take any action to avail itself of the Defiance County Court's jurisdiction. Parkview was within its rights to do so considering the issues with subject matter jurisdiction. However, this approach kept Parkview essentially in the dark on what was occurring in the Defiance County Court. American Family found itself in a predicament: being aware of an Indiana lien and being ordered to comply with a direction from the Defiance County Court to tender settlement funds. This creates a genuine issue of material fact as to whether the failure to honor the lien in Indiana was justified through American Family's compliance with the Defiance County Court Order to tender the settlement draft.

This Court acknowledges the architect of the settlement in Ohio was Willis's attorney, Bolotin. His office was working with both Parkview's Indiana counsel and American Family regarding potential settlement of the lien and the personal injury claim.

> Based on the evidence that has been designated to the Court, Bolotin manipulated Parkview, American Family and the Defiance County Court to get the most money in his client's hands under cover of Court Order and with total disregard to the lien. Willis's liability as to Parkview has already been addressed through a default judgment in this case.
>
> Here we have circumstances where Parkview complied with the Hospital Lien Act when it filed and recorded the Hospital Lien in the office of the Recorder of Allen County, Indiana on January 13, 2016, and American Family complied with the April 2, 2018 Order from the Defiance County Court to the detriment of Parkview. Whether American Family was warranted in doing so is an issue at the heart of this case to determine whether American Family is liable to Parkview for failure to honor the lien. There is a good faith dispute on this question and, therefore, a genuine issue of material fact for the jury to address in this case.

*Id.* at 30-32.

[10] Both American Family and Parkview filed motions for certification of the summary judgment orders for interlocutory appeal, which the trial court granted. This Court granted the parties' motions for acceptance of interlocutory appeal and consolidated the appeals.

## Analysis

[11] Before addressing the parties' arguments, we note that this appeal concerns the Indiana Hospital Lien Act, Indiana Code Chapter 32-33-4. The underlying purpose of the Hospital Lien Act is to "[e]nsure that hospitals are compensated for their services." *Tankersley v. Parkview Hosp., Inc.*, 791 N.E.2d 201, 204 (Ind.

2003). "Another purpose of the Hospital Lien Act is to provide notice of the lien to attorneys." *Id.* "A properly perfected hospital lien serves the world on notice of a hospital's direct right to settlement or judgment." *Id.* at 205.

[12] Indiana Code Section 32-33-4-4 requires the following to properly perfect a hospital lien:

> (a) To perfect the lien provided for in section 3 of this chapter, the hospital must file for record in the office of the recorder of the county in which the hospital is located, within ninety (90) days after the person is discharged or not later than the date of the final settlement, compromise, or resolution of the cause of action, suit, or claim accruing to the patient, whichever occurs first, a verified statement in writing stating:
>
>> (1) the name and address of the patient as it appears on the records of the hospital;
>>
>> (2) the name and address of the operator of the hospital;
>>
>> (3) the dates of the patient's admission to and discharge from the hospital;
>>
>> (4) the amount claimed to be due for the hospital care; and
>>
>> (5) to the best of the hospital's knowledge, the names and addresses of anyone claimed by the patient or the patient's legal representative to be liable for damages arising from the patient's illness or injury.
>
> (b) Within ten (10) days after filing the statement, the hospital shall send a copy by registered mail, postage prepaid:

> (1) to each person claimed to be liable because of the
> illness or injury at the address given in the statement;
>
> (2) to the attorney representing the patient if the name of
> the attorney is known or with reasonable diligence could
> be discovered by the hospital; and
>
> (3) to the department of insurance as notice to insurance
> companies doing business in Indiana.

The parties do not dispute that Parkview properly perfected its Hospital Lien pursuant to Indiana Code Section 32-33-4-4 when it recorded its lien in Allen County.

[13] Under the Hospital Lien Act, "[a] person desiring to contest a lien or the reasonableness of the charges claimed by the hospital may do so by filing a motion to quash or reduce the claim *in the circuit court, superior court, or probate court in which the lien was perfected*, making all other parties of interest respondents." Ind. Code § 32-33-4-4(e) (emphasis added). The Hospital Lien at issue here was perfected in Allen County. Further, "[a]n action by the lienholder must be brought in the court having jurisdiction of the amount of the lienholder's claim and may be brought and maintained in the county of residence of the lienholder." Ind. Code § 32-33-4-6(d).

[14] Because the Ohio court action was dismissed pursuant to a settlement, we also note:

> The release or settlement of a claim with a patient by a person
> claimed to be liable for the damages incurred by the patient:

> (1) after a lien has been perfected under section 4 of this
> chapter; and
>
> (2) without obtaining a release of the lien;
>
> entitles the lienholder to damages for the reasonable cost of the
> hospital care, treatment, and maintenance.

Ind. Code § 32-33-4-6(b). American Family notes the following language of Indiana Code Section 32-33-4-1:

> In order to claim the lien, the hospital must satisfy the conditions
> for perfecting the lien as set forth in section 4 of this chapter and,
> not later than the date on which the judgment is rendered, enter,
> in writing, upon the judgment docket where the judgment is
> recorded, the hospital's intention to hold a lien upon the
> judgment, together with the amount claimed.

The Ohio action, however, was dismissed, and a judgment was not entered. Accordingly, this section is inapplicable. *See, e.g., Parkview Hosp., Inc. v. Geico General Ins. Co.*, 977 N.E.2d 369 (Ind. Ct. App. 2012), *trans. denied*.

### *I. Full Faith and Credit*

[15]  With the Hospital Lien Act provisions in mind, the first issue we must consider is whether the Ohio court's orders are entitled to full faith and credit by the Indiana court. The United States Constitution requires state courts to give full faith and credit to the judgments of the courts of all states. U.S. Const. art. IV, § 1. An out-of-state judgment, however, is always open to collateral attack for

lack of personal or subject matter jurisdiction. *Troxel v. Ward*, 111 N.E.3d 1029, 1033 (Ind. Ct. App. 2018).

[16] Before an Indiana court is bound by a foreign judgment, it may inquire into the jurisdictional basis for that judgment; if the first court did not have jurisdiction over a party or the subject matter, then full faith and credit need not be given. *Id.* This scope of review is a "limited" one that does not involve de novo review of the jurisdictional issue by the second court. *N. Indiana Commuter Transp. Dist. v. Chicago SouthShore & S. Bend R.R.*, 685 N.E.2d 680, 685 (Ind. 1997). A "judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Id.* at 686. If jurisdiction was "fully considered" and "finally determined" in the first state, that generally is the end of the matter. *Id.* The party attacking the judgment of a sister state bears the burden of rebutting the presumption that a foreign judgment, which is regular and complete on its face, is valid. *Troxel*, 111 N.E.3d at 1033.

[17] Trial courts possess two kinds of "jurisdiction"—subject matter jurisdiction and personal jurisdiction. *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006). "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *Id.* at 542. "When a court lacks subject matter jurisdiction, its actions are void ab initio and have no effect whatsoever." *In re Adoption of L.T.*, 9 N.E.3d 172, 175 (Ind. Ct. App. 2014). "An Indiana court obtains subject

matter jurisdiction only through the Constitution or a statute." *Id.* "Subject matter jurisdiction cannot be waived or conferred by agreement and can be raised at any time." *Id.*

[18] Personal jurisdiction, on the other hand, "requires that appropriate process be effected over the parties." *K.S.*, 849 N.E.2d at 540. "Personal jurisdiction refers to a court's power to impose judgment on a particular defendant." *Boyer v. Smith*, 42 N.E.3d 505, 509 (Ind. 2015). Before a court can properly assert personal jurisdiction over a defendant, "the Due Process Clause of the Fourteenth Amendment mandates that the defendant have 'certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945)). "Minimum contacts include acts defendants themselves initiate within or without the forum state that create a substantial connection with the forum state itself." *Id.*

[19] A judgment rendered without personal jurisdiction is also void. *Harris v. Harris*, 922 N.E.2d 626, 632 (Ind. Ct. App. 2010). A defendant, however, can waive the lack of personal jurisdiction and submit himself to the jurisdiction of the court if he responds or appears and does not contest the lack of jurisdiction. *Id.* "'It is a bold move, but an option available to a nonresident is to ignore a pending proceeding and take the risk that a subsequent challenge to personal jurisdiction will prevail.'" *Id.* at 633 (quoting *Stidham v. Whelchel*, 698 N.E.2d 1152, 1156 (Ind. 1998)); *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S. Ct. 2099, 2106 (1982) ("A defendant is always free to

ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.").

[20]     The Allen County trial court found that the Ohio court lacked subject matter jurisdiction. The parties made no argument regarding personal jurisdiction. Specifically, the trial court found:

> The Indiana Hospital Lien Act set forth in I.C. § 32-33-4 et seq., grants subject matter jurisdiction to the court in the county in which the hospital where services were provided is located. . . . The Hospital Lien Act did not grant the Defendants in this case the right to dispute the lien in the Defiance County Court. Rather, the Hospital Lien Act required any person wishing to contest the lien or the reasonableness of the charges to do so by filing a motion to quash or reduce the claim in the circuit court in which the hospital lien was perfected. I.C. § 32-33-4-4(e). Rather than comply with the forum provision of the Hospital Lien Act, Willis ignored the specific statutory provisions and brought an action in another jurisdiction attempting to force Parkview to participate in a forum that did not have subject matter jurisdiction over the Hospital Lien issue. Actions taken by a court that lacks subject matter jurisdiction are void. An Indiana court may inquire into the jurisdictional basis for a foreign judgment, and if it concludes the foreign court did not have subject matter jurisdiction, then full faith and credit is not required. As the Defiance County Court lacked the subject matter jurisdiction to address the issues regarding Parkview's perfected hospital lien, the order from that court regarding the lien is void will not be given full faith and credit in this Court.

Appellant's App. Vol. II pp. 21-22 (internal citations omitted).

On appeal, Parkview argues that the trial court properly decided that the Ohio court lacked subject matter jurisdiction. American Family does not argue that the Ohio court had subject matter jurisdiction over the Hospital Lien. Rather, American Family contends that the subject matter jurisdiction issue was fully and fairly litigated in the Ohio court. Accordingly, for purposes of this opinion, we will assume that subject matter jurisdiction is implicated here, and we will not address personal jurisdiction.

In support of its argument that the Ohio court's judgment is entitled to full faith and credit because the subject matter jurisdiction issue was fully and fairly litigated in Ohio, American Family relies on *Underwriters Nat. Assur. Co. v. N. Carolina Life & Acc. & Health Ins. Guar. Ass'n*, 455 U.S. 691, 102 S. Ct. 1357 (1982). In *Underwriters*, an Indiana insurance company was licensed to do business in forty-five states, including North Carolina. The Indiana Department of Insurance, however, began "rehabilitation proceedings" against the insurance company "on the ground that its reserves were inadequate to meet its future policy obligations." *Underwriters*, 455 U.S. at 695, 102 S. Ct. at 1361. The Indiana rehabilitation court directed the Indiana Commissioner of Insurance to take possession of Underwriters' business and assets; sent notice of the proceedings to all state insurance commissioners; enjoined the commencement or prosecution of any action against Underwriters; required that such actions join in the rehabilitation proceedings; and certified a class of all past and present policyholders. The proposed plan in the rehabilitation court also resolved the obligations of eight guaranty associations, including one

in North Carolina. The guaranty associations intervened in the Indiana proceeding and objected to the proposed plan. Ultimately, the rehabilitation court approved a plan and, in its order, stated that it had "jurisdiction over the subject matter and over the parties . . . ." *Id.* at 699, 102 S. Ct. at 1363.

[23] Later, the guaranty associations requested that the rehabilitation court approve a service contract, which the rehabilitation court did. The North Carolina Association, however, asserted for the first time that deposits previously made by Underwriters with the North Carolina Commissioner of Insurance were governed by North Carolina law. The North Carolina Association then filed a complaint against Underwriters and others in North Carolina regarding the deposit. Underwriters argued that the rehabilitation court's orders were entitled to full faith and credit by the North Carolina court. The North Carolina court, however, held that the rehabilitation court did not have subject matter jurisdiction over the deposit.

[24] The United States Supreme Court noted that "a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Id.* at 706, 102 S. Ct. at 1367. Accordingly, the North Carolina courts "should have determined in the first instance whether the Rehabilitation Court fully and fairly considered the question of subject matter jurisdiction over the North Carolina deposit, with respect to pre-rehabilitation claims of the parties before it." *Id.* at 706-07, 102 S. Ct. 1367. "If the matter was fully considered and finally

determined in the rehabilitation proceedings, the judgment was entitled to full faith and credit in the North Carolina courts." *Id.* at 707, 102 S. Ct. at 1367.

[25] The Court had "little difficulty concluding that the Rehabilitation Court fully and fairly considered whether it had subject matter jurisdiction to settle the pre-rehabilitation claims of the parties before it to the North Carolina deposit." *Id.* at 707, 102 S. Ct. at 1367. The Court noted that the rehabilitation court had "special duties with respect to the rehabilitation of insurance companies"; the rehabilitation court made it clear that it was asserting subject matter jurisdiction, including over the deposit; the guaranty associations were instructed to intervene or waive all such claims; and the guaranty associations actually participated in the rehabilitation court proceedings. *Id.* Under these circumstances, the Court held that the issue was "fully and fairly considered by the Indiana court" and that the Indiana court's "final determination was entitled to full faith and credit in North Carolina." *Id.* at 710, 102 S. Ct. at 1369.

[26] Based on *Underwriters*, American Family argues that the Ohio court fully and fairly considered the subject matter jurisdiction issue and that the Ohio court's order is entitled to full faith and credit. We do not, however, find that *Underwriters* mandates a conclusion that the Ohio court's order is entitled to full faith and credit by the Allen County trial court. Here, Willis and American Family were fully aware during the Ohio court proceedings of Parkview's subject matter jurisdiction concerns and had discussed the concerns with Parkview. Parkview did not participate in the Ohio court proceedings, and

there is no indication that the Ohio court specifically considered those subject matter jurisdiction concerns. In fact, despite the parties' awareness of the subject matter jurisdiction issues in the case, Willis filed a motion to enforce the settlement without informing Parkview. In the motion, Willis addressed only *personal* jurisdiction and asserted that Parkview "consented to the jurisdiction of Ohio by the appointment of an Ohio statutory agent." Appellant's App. Vol. II p. 240. As Parkview points out, there is no indication that "the Ohio court even considered the controlling Indiana statutes with regard to the Indiana Hospital Lien Act." Appellant's Reply Br./Cross-Appellee's Brief p. 19. Under these circumstances, the subject matter jurisdiction issue was not fully and fairly considered by the Ohio court. Accordingly, the Ohio court order is not entitled to full faith and credit. Due to the lack of subject matter jurisdiction, the Ohio court order is "void ab initio and [has] no effect whatsoever."[2] *L.T.*, 9 N.E.3d at 175.

## II. Justification as a Defense

[27] Next, Parkview argues that justification is not a defense to American Family's failure to follow the Hospital Lien Act. When the Allen County trial court denied Parkview's motion for summary judgment, the trial court found "a genuine issue of material fact as to whether the failure to honor the lien in

---

[2] American Family also argues that res judicata prevents Parkview from litigating the lien in Indiana after the issue was addressed by the Ohio court. "A judgment entered by a court that lacks subject matter jurisdiction is void and may be attacked at any time." *D.L.M. v. V.E.M.*, 438 N.E.2d 1023, 1027 (Ind. Ct. App. 1982). Because "[a] void judgment is subject to direct or collateral attack at any time," *In re Paternity of S.A.M.*, 85 N.E.3d 879, 889 (Ind. Ct. App. 2017), American Family's res judicata argument fails.

Indiana was justified through American Family's compliance with the Defiance County Court Order to tender the settlement draft." Appellant's App. Vol. II. p. 31. We disagree with the trial court that a genuine issue of material fact exists. The issue is a legal issue that the trial court was required to resolve.

[28] As we have noted, there is no dispute that Parkview properly perfected its hospital lien. Under the Hospital Lien Act, Parkview is entitled to damages for the settlement of Willis' claim without obtaining a release of the hospital lien:

> The release or settlement of a claim with a patient by a person claimed to be liable for the damages incurred by the patient:
>
> > (1) after a lien has been perfected under section 4 of this chapter; and
> >
> > (2) without obtaining a release of the lien;
>
> entitles the lienholder to damages for the reasonable cost of the hospital care, treatment, and maintenance.

Ind. Code § 32-33-4-6(b).

[29] In interpreting this statute, we held in *Nat'l Ins. Ass'n v. Parkview Mem'l Hosp.*, 590 N.E.2d 1141, 1144 (Ind. Ct. App. 1992), that the hospital was entitled to judgment and damages against an insurer and the insured where a hospital lien was not satisfied before settlement proceeds were distributed. "Any other holding would make the notice provisions to persons thought to be liable for a patient's injuries useless." *Nat'l Ins. Ass'n*, 590 N.E.2d at 1144. We noted:

"[W]e believe our legislature, to insure that hospitals are compensated for their services and thereby serve the public welfare, intended to bind parties responsible for a patient's injuries if they ignore the lien when settling a claim." *Id.*

[30]    American Family argues that Parkview is not entitled to damages under Indiana Code Section 32-33-4-6(b) after the settlement of Willis' claim without obtaining a release of Parkview's lien because American Family was required to follow the orders of the Ohio court. We have determined, however, that the Ohio court's order is void ab initio.[3] "The term 'void ab initio' means, literally, 'void from the beginning' and 'denotes an act or action that never had any legal existence at all because of some infirmity in the action or process.'" *Marion Cty. Auditor v. Revival Temple Apostolic Church*, 898 N.E.2d 437, 444 (Ind. Ct. App. 2008) (quoting *Trook v. Lafayette Bank & Trust Co.*, 581 N.E.2d 941, 944 (Ind. Ct. App. 1991), *trans. denied*), *trans. denied*. "A decision that is void 'has no legal

---

[3] We find the following instructive:

> A judgment which is void, as distinguished from one which is merely voidable, is a mere nullity. It has no force or effect, and cannot be confirmed or ratified. A void judgment is not binding on anyone; it raises no lien or estoppel, and it does not impair or affect the rights of anyone. A void judgment confers no rights on the party in whose favor it is given, and affords no protection to persons acting under it.
>
> A void judgment, unlike one which is merely erroneous or voidable, is not entitled to any respect or deference by the courts, but may be attacked at any time by anyone. Such a judgment may be impeached in any action, direct or collateral. It is not necessary to take any steps to vacate or avoid a void judgment; it may simply be ignored. A valid judgment may be entered subsequently in disregard of the void judgment.
>
> All subsequent actions predicated on a void judgment are tainted by the judgment's nullity and are similarly without effect.

50 C.J.S. Judgments § 754 (footnotes omitted).

effect at any time and cannot be confirmed or ratified by subsequent action or inaction' and 'is subject to a collateral attack.'" *Koonce v. Finney*, 68 N.E.3d 1086, 1090 (Ind. Ct. App. 2017) (quoting *Chapin v. Hulse*, 599 N.E.2d 217, 220 (Ind. Ct. App. 1992), *trans. denied*), *trans. denied*. "An action or judgment which has been declared void is a nullity; it is as if it never existed." *Carter v. Allen*, 631 N.E.2d 503, 507 (Ind. Ct. App. 1994). "[A]ll subsequent actions predicated on that ruling 'are tainted by its nullity and are similarly without effect.'" *Id.* (quoting *Kratkoczki v. Regan*, 178 Ind. App. 184, 187, 381 N.E.2d 1077, 1079 (1978), *trans. denied*). *See e.g., City of Gary v. Major*, 822 N.E.2d 165, 169 (Ind. 2005) ("The law in Indiana is well settled that a person cannot be held in contempt of court for failure to obey an order if the issuing court had no jurisdiction to give the order. Such an order is void and unenforceable.") (internal citation omitted).

[31] Because the Ohio court's orders regarding the Hospital Lien are void, American Family's payment of the settlement pursuant to the Ohio court's order was "tainted by [the orders'] nullity." *Carter*, 631 N.E.2d at 507. We agree with Parkview that "any allegation that the [Ohio court's] Order allowed [American Family] to ignore Parkview Hospital's lien is improper." Appellant's Br. p. 21. Accordingly, we conclude that the Ohio court's orders cannot provide a basis for American Family to justify its actions and establish a genuine issue of material fact in response to Parkview's motion for summary judgment.

[32] There is no dispute that Parkview's Hospital Lien was properly perfected. Under the Hospital Lien Act, "[a] person desiring to contest a lien or the

reasonableness of the charges claimed by the hospital may do so by filing a motion to quash or reduce the claim in the circuit court, superior court, or probate court in which the lien was perfected, making all other parties of interest respondents."[4] Ind. Code § 32-33-4-4(e). Although American Family could have requested a stay of the Ohio action and brought a declaratory judgment action in Allen County, where the Hospital Lien was filed, American Family did not do so. Instead, American Family paid the settlement proceeds without satisfying Parkview's Hospital Lien in violation of the Hospital Lien Act.

[33] Parkview established that the Ohio court's order regarding Parkview's Hospital Lien is void and that American Family violated the Hospital Lien Act when it paid settlement funds without satisfying Parkview's lien. As such, the trial court properly denied American Family's motion for summary judgment. With respect to Parkview's motion for summary judgment, the trial court properly concluded that the Ohio court did not have subject matter jurisdiction. The trial court, however, erred when it found genuine issues of material fact regarding American Family's justification for paying the settlement proceeds without satisfying the Hospital Lien. Given the Ohio court's lack of subject

---

[4] American Family emphasizes the "may do so" language of the statute and seems to argue that it was not "required" to file such an action. The plain language of the statute, however, indicates that, if a party wishes to contest a hospital lien, the action to do so must be filed in the county where the lien was perfected. Here, the lien was perfected in Allen County.

matter jurisdiction, there are no genuine issues of material fact, and Parkview was entitled to judgment as a matter of law.

## Conclusion

[34] We affirm the trial court's denial of American Family's motion for summary judgment. We reverse, however, the trial court's denial of Parkview's motion for summary judgment, and we remand for proceedings consistent with this opinion.

[35] Affirmed in part, reversed in part, and remanded.

Riley, J., and Mathias, J., concur.